{¶ 19} I respectfully dissent. I would not find that the defendant must object to the trial court's erroneous sentencing procedure. I would find error in the sentencing procedure of the trial judge and remand the matter for re-sentencing.
 {¶ 20} The majority supports its conclusion that appellant has forfeited the rights afforded under Revised Code Chapter 29 through an analogy to Fed. Crim.R. 11. In so doing, the majority notes that it "cannot conclude that the articulation of sentencing factors in our case demands more rigorous protection that the entry of a guilty plea." However, the U.S. Supreme Court in United States v. Vonn (2002),535 U.S. 55, 152 L.Ed.2d 90, was not presented with the statutory scheme which regulates sentencing in Ohio.
 {¶ 21} Therefore, this Court need not engage in a cost-benefit analysis before remanding this issue to the trial court. R.C. 2953.08(G)(1) provides:
"If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand thecase to the sentencing court and instruct the sentencing court to state, on the record, the required findings." (Emphasis added.)
 {¶ 22} As such, the legislature has already made a determination that errors in sentencing do indeed "demand more rigorous protection" than courts have provided under Fed. Crim.R. 11. Accordingly, it is not a lone appellate judge in dissent that suggests that errors such as those raised by appellant require automatic reversal. The General Assembly has passed legislation that makes such errors always reversible error.
 {¶ 23} While the statutory interpretation made by State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, may result in more automatic reversals, this court is "nevertheless bound by that decision and 
cannot simply contrive reasons to avoid its application." State v.Wheeler, 4th Dist. No. 04CA1, 2004-Ohio-6598, at ¶ 16. Further, no rationale exists to avoid the application of R.C. 2953.08 in the instant matter. R.C. 2953.08(A) itself grants appellant an appeal as of right from her sentence. While the majority discusses at length the burden of appellant to preserve this issue for appeal, the statute does not speak of any burden on the appellant. Rather, the statute creates a duty on this Court, requiring remand anytime that the statutory sentencing factors are not stated, regardless of any analysis of resulting prejudice. Accordingly, I would follow the dictates of R.C. 2953.08(G)(1) and remand the case to the trial court with instructions to place the findings on the record.